MATSUMOTO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BULSARA, M.J.

| | |
|---|---|
| MYRIAM DURAND and<br><br>MARTINE THEOGENE<br><br>-against-<br><br>EXCELSIOR CARE GROUP LLC d/b/a COLD SPRING HILLS CENTER FOR NURSING AND REHABILITATION and<br><br>YOSSI EMANUEL | **Civil Complaint for Fair Labor Standard Act Violation**<br><br>Case No. **CV 19-2810**<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:  Yes  **ORIGINAL**<br>*(check one)* |



RECEIVED
MAY 13 2019
PRO SE OFFICE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Myriam Durand |
   | Street Address | 564 Christopher Avenue |
   | City and County | Brooklyn, Kings |
   | State and Zip Code | New York, 11212 |
   | Telephone Number | (917) 214-1997 |
   | E-mail Address | myriam.durand92@gmail.com |

   | | |
   |---|---|
   | Name | Martine Theogene |
   | Street Address | 15 Elwin Place |
   | City and County | Copiague, Suffolk County |
   | State and Zip Code | New York, 11726 |
   | Telephone Number | (347) 855-9934 |
   | E-mail Address | mtheo1234@yahoo.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

   Defendant No. 1

   | | |
   |---|---|
   | Name | EXCELSIOR CARE GROUP LLC |
   | Job or Title | |
   | Street Address | 1551 52nd Street |
   | City and County | Brooklyn, Kings County |
   | State and Zip Code | New York, 11219 |
   | Telephone Number | (516) 921-3900 |
   | E-mail Address | |

   Defendant No. 2

2

| | |
|---|---|
| Name | COLD SPRING HILLS CENTER FOR NURSING AND REHABILITATION |
| Job or Title | |
| Street Address | 378 Syosset-Woodbury Road |
| City and County | Woodbury, Nassau County |
| State and Zip Code | New York, 11797 |
| Telephone Number | (516) 921-3900 |
| E-mail Address | |

Defendant No. 3

| | |
|---|---|
| Name | Yossi Emanuel |
| Job or Title | Administrator |
| Street Address | 378 Syosset-Woodbury Road |
| City and County | Woodbury, Nassau County |
| State and Zip Code | New York, 11797 |
| Telephone Number | (516) 921-3900 |
| E-mail Address | |

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | COLD SPRING HILLS CENTER FOR NURSING AND REHABILITATION |
| Street Address | 378 Syosset-Woodbury Road |
| City and County | Woodbury, Nassau County |
| State and Zip Code | New York, 11797 |
| Telephone Number | (516) 921-3900 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

    x    Other federal law *(specify the federal law)*:

3

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Plaintiff reside in this district

    x    Relevant state law *(specify, if known)*:

New York State Labor Law

    x    Relevant city or county law *(specify, if known)*:

New York City Labor Law

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

    x    Other acts *(specify)*:

Violation of Wage Statement Provision:

    a. Violation of Overtime Provision under FLSA;

    b. Violation of Minimum Wage under FLSA.

Under New York State Labor Law:

    c. Violation of Timely Payment Provision;

    d. Violation of Wage Statement Provision;

     e. Violation of Spread of Hours Wage Order;

     f. Violation of Overtime Provision;

     g. Violation of Notice and Recordkeeping;

     h. Violation of Minimum Wage Act.

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

   January 2017 to Present

C.  I believe that defendant(s) *(check one)*:

   Are still committing these acts against me.

D.  The facts of my case are as follows. Attach additional pages if needed.

   Please See Attached.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

 WHEREFORE, Plaintiffs collectively respectfully requests that this Court enter judgment against Defendants by:

 Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs collectively and the FLSA Class members; Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and FLSA Class members; Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages; Declaring that Defendants' violations of the provisions of the FLSA were willful

as to Plaintiffs and the FLSA Class members; Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable; Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b); Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m) Declaring that Defendants' violations of the New York Labor Law and spread of hours wage order were willful as to Plaintiffs and the FLSA Class members;

(n) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q) Awarding Plaintiffs and the FLSA Class members pre-judgment and post judgment interest as applicable;

(r) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs collectively demands a trial by jury on all issues triable by a jury.

**VI.     Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: May 13, 2019.

Signature of Plaintiff

Printed Name of Plaintiff        MYRIAM DURAND

Signature of Plaintiff

Printed Name of Plaintiff        MARTINE THEOGENE

## PARTIES

### *Plaintiffs*

1. Plaintiff Myriam Durand ("Plaintiff Durand" or "Mrs. Durand") is an adult individual residing in Kings County, New York.
2. Plaintiff Martine Theogene ("Plaintiff Theogene" or (Ms. Theogene") is an adult individual residing in Suffolk, New York.
3. Plaintiff Durand is employed by Defendants Cold Spring Hills Center for Nursing and Rehabilitation from approximately June 2017 to present.
4. Plaintiff Theogene is employed by Defendants Cold Spring Hills Center for Nursing and Rehabilitation from approximately January 2017 until present.

### *Defendants*

5. At all relevant times, Defendants own, operate, or control a Nursing and Rehabilitation Center, located at 378 Syosset-Woodbury Road, Woodbury, NY 11797 under the name "Cold Spring Hills Center for Nursing and Rehabilitation".
6. Upon information and belief, Excelsior Care Group (d/b/a Cold Spring Hills Center for Nursing and Rehabilitation) is a domestic corporation organized and existing under the laws of the State of New York.
7. Upon information and belief, it maintains its principal place of business at 1551 52nd Street Brooklyn, NY 11219 and Cold Spring Hills Center address is principal address is 378 Syosset-Woodbury Road, Woodbury, NY 11797.
8. Defendant Yossi Emanuel is an individual engaging (or who has engaged) in business in this judicial district during the relevant time period. Defendant Yossi Emanuel is sued individually and in his capacity as administrator, officer, owner and/or agent of Defendant Corporation. Defendant Yossi Emanuel possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Durand and Plaintiff Theogene, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

9. Defendants operate a Nursing and Rehabilitation Center located in the Woodbury section of Long Island in New York City.

10. Individual Defendant, Yossi Emanuel, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

11. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

12. Each Defendant possessed substantial control over Plaintiff Durand and Plaintiff Theogene and other similarly situated employees working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Durand and Plaintiff Theogene, and all similarly situated individuals, referred to herein.

13. Defendants jointly employed Plaintiff Durand and Plaintiff Theogene (and other similarly situated employees) and are Plaintiff Durand and Plaintiff Theogene (and other similarly situated employees) employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

14. In the alternative, Defendants constitute a single employer of Plaintiff Durand and Plaintiff Theogene and/or similarly situated individuals.

15. Upon information and belief, individual Defendant Yossi Emanuel operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:
    a. Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,
    b. Transferring assets and debts freely as between all Defendants, and
    c. Other actions evincing a failure to adhere to the corporate form.

16. At all relevant times, Defendants were Plaintiff Durand and Plaintiff Theogene's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Durand and Plaintiff Theogene, controlled the terms

and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Durand and Plaintiff Theogene's services.

*Individual Plaintiff*

17. Plaintiff Durand is a current employee of Defendants who is employed as a Registered Nurse.
18. Plaintiff Theogene is a current employee of Defendants who is employed as a Registered Nurse.
19. Plaintiff Durand and Plaintiff Theogene seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Myriam Durand and Plaintiff Matrine Theogene*

20. Plaintiff Durand is employed by the Defendants from approximately June 2017 until present day.
21. Defendants employed Plaintiff as a Registered Nurse.
22. Plaintiff Durand's work duties required neither discretion and independent judgment.
23. Plaintiff Theogene's work duties required neither discretion and independent judgment.
24. Throughout her employment with Defendants, Plaintiff Durand regularly worked in excess of forty (40) hours per week.
25. Throughout her employment with Defendants, Plaintiff Theogene regularly worked in excess of forty (40) hours per week.
26. From Approximately November 2018 until present day, Plaintiff Durand worked as a Registered nurse from approximately 8:00 a.m. until on or about 7:00 p.m., Sunday through Saturday typically 52.5 per week.
27. From Approximately January 2017 until present day, Plaintiff Theogene works as a Registered nurse from approximately 8:00 a.m. until on or about 8:00 pm., Sunday through Saturday typically 57.5 per week.
28. Throughout their employment, Defendants paid Plaintiff Durand and Plaintiff Theogene their wages through check or direct deposit.
29. From approximately November 2018 until present, Defendants paid Plaintiff Durand her regular hourly pay.

30. Plaintiff Durand and Plaintiff Theogene's pay did not vary even when they were required to start earlier or work a longer day than their usual schedule.
31. For example, Defendants required Plaintiff Durand to start work hours earlier or work longer days when there was a shortage of staff and did not pay her overtime pay for the additional time she worked.
32. For example, Defendants required Plaintiff Theogene to start work hours earlier or work longer days when there was a shortage of staff and did not pay her overtime pay for the additional time she worked.
33. Plaintiff Durand and Plaintiff Theogene kept track of the hours they worked because it is reflected on their pay stubs under the "hours" column.
34. In or about November 2018, Defendants refused to pay Plaintiff Durand the full payout of vacation time accrued and unused against company policy.
35. Notifications in the form of posted notices and written correspondences, was not given to Plaintiff Durand regarding overtime and wages under the FLSA and NYLL.
36. Notifications in the form of posted notices and written correspondences, was not given to Plaintiff Theogene regarding overtime and wages under the FLSA and NYLL.
37. Defendants did not provide Plaintiff Durand and Plaintiff Theogene an accurate statement of wages, as required by NYLL 195(3).

*Defendants' General Employment Practices*

38. At all-time relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Durand, Plaintiff Theogene (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.
39. Plaintiff Durand is a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she is owed for the hours she worked.
40. Plaintiff Theogene is a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she is owed for the hours she worked.
41. Defendants habitually require Plaintiff Durand to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

42. Defendants habitually require Plaintiff Theogene to work additional hours beyond her regular shifts but did not provide her with any additional compensation.
43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Durand (and similarly situated individuals) worked, and to avoid paying Plaintiff Durand properly for her full hours worked.
44. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Durand (and similarly situated individuals) worked, and to avoid paying Plaintiff Durand properly for her full hours worked.
45. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.
46. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Durand, Plaintiff Theogene and other similarly situated current and former employees.