UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                   :

MYRIAM DURAND, MARTINE THEOGENE      :
NERLY GUERRIER, and KERNES PIERRE,      :    Case No.: 1:19-CV-02810-KAM-SJB
*individually and on behalf of other similarly*     :
*situated*,                                     :
                                    :
                     Plaintiffs,      :
                                    :
          v.                             :
                                    :
EXCELSIOR CARE GROUP LLC d/b/a        :
COLD SPRING HILLS CENTER FOR         :
NURSING AND REHABILITATION and YOSSI    :
EMANUEL,                              :
                                    :
                     Defendants.     :
------------------------------------------------------------- x

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT

---

STEIN ADLER DABAH & ZELKOWITZ LLP
Jonathan L. Adler, Esq.
Samuel J. Bazian, Esq.
*Attorneys for Defendants Excelsior Care Group LLC d/b/a*
*Cold Spring Hills Center for Nursing and Rehabilitation and Yossi Emanuel*
1633 Broadway, 46th Floor
New York, New York, 10019
Tel: (212) 867-5620

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

STATEMENT OF FACTS .....................................................................................3

LEGAL STANDARD ON A MOTION TO DISMISS ..............................................3

ARGUMENT ........................................................................................................3

POINT I: PLAINTIFFS' DISCRIMINATION CLAIMS
　　　　FAIL TO STATE CAUSES OF ACTION ...................................................3

    A.    The Seventh Cause of Action for the Alleged Violation
　　　　of the Equal Pay Act Fails to State a Claim...........................................4

    B.    The Eighth and Ninth Causes of Action for Alleged
　　　　Wage Discrimination Based on National Origin
　　　　(8th COA) and Race (9th COA) Fail to State a Claim ............................6

      1.    The Eighth Cause of Action for National Origin Discrimination
　　　　　Fails Because Plaintiffs Have Failed to Allege That They Are a
　　　　　Part of a Protected Class and They Have Not Sufficiently Alleged
　　　　　that Haitian Employees Were Paid Less Than Their American
　　　　　English-Speaking Co-Workers Because of Their National Origin.........................7

      2.    The Ninth Cause of Action for Race Discrimination Fails to
　　　　　Allege that Plaintiffs Were Paid Less Than Their Caucasian
　　　　　Co-workers Because of Their Race ...................................................9

POINT II: PLAINTIFFS' TITLE VII CLAIMS (8TH AND 9TH CAUSES OF ACTION)
　　　　　MUST BE DISMISSED AS AGAINST INDIVIDUAL DEFENDANT
　　　　　YOSSI EMANUEL ........................................................................11

POINT III: PLAINTIFFS HAVE FAILED TO EXHAUST
　　　　　THEIR ADMINISTRATIVE REMEDIES.............................................12

CONCLUSION....................................................................................................13

i

## TABLE OF AUTHORITIES

### Cases

*Abreu Suzuki v State Univ. of NY Coll.*,
2013 U.S. Dist. LEXIS 83555 (E.D.N.Y. 2013) ................................... 4

*Adams v NY State Educ. Dept.*,
752 F. Supp. 2d 420 (S.D.N.Y. 2010) ................................... 12

*Adams v. Delta Airlines, Inc.*,
2018 U.S. Dist. LEXIS 53534 (E.D.N.Y. 2018) ................................... 11

*Adams v. Northstar Location Servs., LLC*,
2010 U.S. Dist. LEXIS 106187 (W.D.N.Y. 2010) ........................... 5, 6

*Bass v. World Wrestling Fed'n Entm't*,
129 F. Supp. 2d 491 (E.D.N.Y. 2001) ................................... 4

*Bilingslea v. Ford Motor Co.*,
2010 U.S. Dist. LEXIS 125946 (W.D.N.Y. 2010) ........................... 10

*Brewster v. City of Poughkeepsie*,
447 F Supp 2d 342 (S.D.N.Y. 2006) ................................... 8

*Chance v. Armstrong*,
143 F.3d 698 (2d Cir. 1998) ................................... 3

*Demosthene v. City of NY*,
2019 US Dist LEXIS 4901 (E.D.N.Y. 2019) ................................... 3

*Eng v. City of NY*,
2017 U.S. Dist. LEXIS 49520 (S.D.N.Y. 2017) ................................... 4-5

*Glasgow v. Cnyrta/Centro, Inc.*,
2018 U.S. Dist. LEXIS 117166 *14 n. 7 (N.D.N.Y. 2018) ................................... 12

*Henry v. NYC Health & Hosp. Corp.*,
18 F. Supp. 3d 396 (S.D.N.Y. 2014) ................................... 9

*Holland v. City of NY, DoITT*,
2011 U.S. Dist. LEXIS 144941 (S.D.N.Y. 2011) ................................... 12, 13

*Katz v. Beth Isr. Med. Ctr.*,
2001 US Dist LEXIS 29 (S.D.N.Y. 2001) ................................... 10

*Lehman v. Bergmann Assocs.*,
11 F. Supp. 3d 408 (W.D.N.Y. 2014) ................................... 5

*Mesias v. Cravath, Swaine & Moore LLP*,
106 F. Supp. 3d 431 (S.D.N.Y. 2015) ................................... 11

i

*Patterson v. Cnty. of Oneida, N.Y.*,
    375 F.3d 206 (2d Cir. 2004) ............................................... 11

*Pemrick v. Stracher*,
    67 F. Supp. 2d 149, 169 (E.D.N.Y. 1999) (Matsumoto, J.) ........................... 11-12

*Powell v. Lab Corp.*,
    2018 U.S. Dist. LEXIS 216820 (E.D.N.Y. 2018) ................................. 8

*Ray v. Weit*,
    2015 U.S. Dist. LEXIS 35410 (E.D.N.Y. 2015) ................................. 7

*Reid v Time Warner Cable*,
    2016 US Dist LEXIS 21783 (E.D.N.Y. 2016) ............................... 10-11

*Rose v. Goldman, Sachs & Co.*,
    163 F. Supp. 2d 238 (S.D.N.Y. 2001) .................................... 4

*Smith v. Mercy Med. Ctr.*,
    2017 US Dist LEXIS 113860 (E.D.N.Y. 2017) ................................. 6,7

*Trower v. Mount Sinai Hosp.*,
    2018 US Dist LEXIS 152341 (S.D.N.Y. 2018) ................................. 8, 9

*Werst v. Sarar USA, Inc.*,
    2018 US Dist LEXIS 44124 (S.D.N.Y. 2018) .................................... 5

## **Statutes**

Fed. R. Civ. P. 12(b)(6)............................................................1, 3

Defendants Excelsior Care Group LLC d/b/a Cold Spring Hills Center for Nursing and Rehabilitation ("Cold Spring") and Yossi Emanuel ("Emanuel" and together with Cold Spring, "Defendants") respectfully submit this memorandum of law in support of their motion, pursuant to FRCP 12(b)(6) to dismiss with prejudice the Seventh, Eighth and Ninth Causes of Action in the Second Amended Complaint, dated February 11, 2020, filed by plaintiffs Myriam Durand ("Durand"), Martine Theogene ("Theogene"), Nerly Guerrier ("Guerrier"), and Kernes Pierre ("Pierre" and collectively, "Plaintiffs") in the instant action (the "Second Amended Complaint" or "SAC").

## PRELIMINARY STATEMENT

This action was initially commenced as one to recover damages for purported violations of the Fair Labor Standards Act.  [ECF Doc. No. 1.]  Months later, Plaintiffs amended their complaint to assert new, additional claims under (i) the Equal Pay Act for alleged race discrimination; (ii) the Equal Pay Act and Title VII for alleged discrimination based on Plaintiffs' "linguistic characteristics"; and (iii) the Age Discrimination in Employment Act.  When Defendants sought leave to file a motion to dismiss these additional claims on the grounds that they were not legally cognizable and/or failed to state a claim, this Court, noting the apparent pleading deficiencies, granted Plaintiffs leave to file a Second Amended Complaint.

Plaintiffs' third bite at the apple, however, fares no better.  In their further attempt to manufacture baseless discrimination claims against Defendants, Plaintiffs have now asserted three, entirely new causes of action.  Specifically, their Seventh Cause of Action alleges that Defendants violated the Equal Pay Act when they paid Plaintiff Pierre, a male, less than his female co-workers even though Pierre and his co-workers performed jobs requiring "equal skill, effort and responsibility" and "under similar working conditions."  The Eighth and Ninth Causes of Action assert that Defendants violated Title VII of the Civil Rights Act of 1964 when they allegedly

engaged in national origin and race discrimination by (i) paying American English-speaking employees more than their Haitian colleagues, and (ii) paying their Caucasian employees more than non-Caucasian employees.

Each of these claims are critically flawed.  First, the Equal Pay Act claim fails as a matter of law because Plaintiffs have not alleged *how* Plaintiff Pierre was similarly situated to the female co-workers who he claims was paid more than him.  Courts in this Circuit have held time and time again that an Equal Pay Act claim must be dismissed pursuant to FRCP 12(b)(6) where a plaintiff fails to allege how his or her position and the comparison position were substantially similar.

Second, Plaintiffs' claims under Title VII for national origin and race discrimination should be dismissed because Plaintiffs have not sufficiently alleged that Defendants paid Haitian and non-Caucasian employees less than their counterparts *because of* their national origin and race.  Since it is axiomatic that adverse treatment in the workplace is actionable only when it occurs because of an employee's protected characteristic, Plaintiffs' failure to provide factual allegations to support an inference that their national origin or race were motivating factors behind the alleged pay discrepancies is fatal to their Title VII claims.  Moreover, Plaintiffs have failed to assert that those allegedly better paid employees were similarly situated to them, providing yet another basis for dismissal.

Moreover, insofar as Plaintiffs assert their Title VII claims against Defendant Emanuel, those claims must be dismissed as against him, since it is well-settled that individuals may not be held liable under Title VII.  Finally, Plaintiffs' Title VII claims should be dismissed because Plaintiffs have failed to exhaust their administrative remedies.  A plaintiff claiming discrimination under Title VII may not assert a claim in federal court until he or she receives a right-to-sue letter

from the EEOC.  Because Plaintiffs concede that they have not yet received such a letter, their Title VII claims are premature and must be dismissed.

Accordingly, Defendants respectfully request that the Court dismiss with prejudice the Seventh, Eighth and Ninth Causes of Action.

## STATEMENT OF FACTS

Since the well-pled allegations of a complaint must be accepted as true when considering a motion to dismiss, Defendants respectfully refer the Court to the Second Amended Complaint, a copy of which is annexed as Exhibit A to the declaration of Samuel J. Bazian, dated March 6, 2020 ("Bazian Decl.").

## LEGAL STANDARD ON A MOTION TO DISMISS

When considering a motion to dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume the truth of the material allegations contained in the complaint. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, it is well-settled that "the court is not required to accept as true conclusory allegations or 'formulaic recitation[s] of the elements of a cause of action.'"  *Demosthene v City of NY*, 2019 US Dist LEXIS 4901, at *7 (E.D.N.Y. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "Thus, when considering FRCP 12(b)(6) motions, the court must assess the legal feasibility of the complaint and whether a plaintiff pleaded claims for which he or she is entitled to discovery." *Brady v Basic Research, L.L.C.*, 101 F Supp 3d 217, 233 (E.D.N.Y. 2015).

## ARGUMENT

### POINT I

### PLAINTIFFS' DISCRIMINATION CLAIMS
### FAIL TO STATE CAUSES OF ACTION

Plaintiffs' Seventh Cause of Action, which asserts a claim for gender discrimination under the Equal Pay Act, the Eighth Cause of Action, which asserts a claim pursuant to Title VII for

national origin discrimination, and the Ninth Cause of Action, which asserts a claim for race discrimination, are each inadequately pled.  For the reasons set forth below, all three causes of action should be dismissed.

### A.  The Seventh Cause of Action for the Alleged Violation of the Equal Pay Act Fails to State a Claim

"In order to establish a violation of the Equal Pay Act, a plaintiff must show that: 1) the employer pays different wages to employees of opposite sexes; 2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and 3) the jobs are performed under similar working conditions." *Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001).  "To survive a motion to dismiss, a plaintiff is required to proffer factual support for the allegation that her employer violated the Equal Pay Act." *Id.* at 243 (citing *Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1007-08 (2d Cir. 1991) and *Lacey v. Carroll McEntee & McGinley*, Inc., 1994, at *3 (S.D.N.Y. Oct. 26, 1994)). Thus, "[e]ven at the motion to dismiss stage, vague, conclusory, and speculative allegations will not save an Equal Pay Act claim." *Bass v. World Wrestling Fed'n Entm't*, 129 F. Supp. 2d 491, 503 (E.D.N.Y. 2001).

"[T]he Second Circuit and district courts [have] expressly held that [] conclusory allegations c[an]not withstand a Rule 12(b)(6) motion to dismiss an EPA claim" and that "[d]istrict courts have also dismissed EPA claims where a plaintiff failed to allege how his or her position and the comparison position were substantially similar." *Abreu Suzuki v State Univ. of NY Coll.*, 2013 U.S. Dist. LEXIS 83555, at *10 (E.D.N.Y. 2013); *see also Eng v. City of NY*, 2017 U.S. Dist. LEXIS 49520, at *7 (S.D.N.Y. 2017) (explaining that to state a claim under the EPA, "a plaintiff must establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications . . . . Thus, under the EPA, a viable claim 'depends on the comparison of actual job content; broad generalizations drawn from job titles, classifications, or divisions . . .

4

cannot suffice'") (quoting *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 255-56 (2d Cir. 2014)); *Lehman v. Bergmann Assocs.*, 11 F. Supp. 3d 408, 420 (W.D.N.Y. 2014) ("How was her position comparable or substantially similar? What responsibilities did they share? Without these facts, courts routinely dismiss EPA claims pled in this formulaic fashion.").

Thus, a plaintiff's mere identification of co-workers of another gender that earn higher wages is insufficient to state a claim under the Equal Pay Act claims where the plaintiff fails to set forth how he or she was similarly situated to such co-workers. *See, e.g., Werst v. Sarar USA, Inc.*, 2018 US Dist LEXIS 44124, at *23 (S.D.N.Y. 2018) (dismissing claim pursuant to FRCP 12(b)(6) even though female plaintiff alleged she "received a reduced remuneration vis-à-vis similarly situated male employees" and "identifie[d] three such similarly situated male employees", including "their names and work locations", since plaintiff "fail[ed] to set forth any facts to show how [she] was similarly situated to her male comparators" and instead alleged in a "formulaic" fashion that the work she performed "was equal to the work performed by the Similarly Situated Males, and such work required equal skill, effort, and responsibility to perform same"); *Adams v. Northstar Location Servs., LLC*, 2010 U.S. Dist. LEXIS 106187 (W.D.N.Y. 2010) (dismissing EPA claims even though plaintiff adequately alleged that a male co-worker was paid $8,000 more than her annually because she failed to sufficiently allege that she and her co-worker performed "equal work on jobs requiring equal skill, effort, and responsibility" and that both jobs were "performed under similar working conditions").

Here, Plaintiff Pierre has plainly failed to sufficiently allege that, in comparison to his female co-workers, (i) he performed equal work on jobs requiring equal skill, effort, and responsibility; and that (ii) the jobs were performed under similar working conditions. Indeed, the

only allegations that Pierre offers in support of his claim that he was discriminated against on the basis of his gender is that:

- In February 2019, he "learned that Defendants were paying him less than his female counterparts (these females were also Caucasian) who were employed with the same essential work duties and title" (SAC ¶ 71);

- Emanuel did not take Pierre's concerns seriously, in retaliation, "conspired to harass Plaintiff Pierre by removing crucial job functions and placing him on a permanent placement in a known problem area for months" (*Id.* at ¶ 72);

- "Upon Information and belief, Mr. Pierre was paid less than all the female nurses, approximately $25,000 per year in pay difference; and the pay difference was based primarily on Mr. Pierre's sex." (*Id.* at ¶ 73.); and

- "Defendants failed to pay Plaintiff Pierre, and all similarly situated employees, equally with their female registered nurse supervisors whose job performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions, in violation of § 1620.13 of the Equal Pay Act." (*Id.* at ¶ 123.)

Critically, the SAC is devoid of any factual allegation of *how* Pierre's job responsibilities were similar to his female co-workers or details supporting the bald allegation that such jobs and responsibilities were performed under similar working conditions. Accordingly, the Seventh Cause of Action fails to state a claim for violation of the EPA and should be dismissed.

### B. The Eighth and Ninth Causes of Action for Alleged Wage Discrimination Based on National Origin (8th COA) and Race (9th COA) Fail to State a Claim

"Title VII makes it unlawful for an employer 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Smith v. Mercy Med. Ctr.*, 2017 US Dist LEXIS 113860, at *11 (E.D.N.Y. 2017) (quoting 42 U.S.C. § 2000e-2(a)(1)). To state a *prima facie* claim for race or national origin discrimination under [] Title VII . . . 'a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of

discrimination.'" *Smith*, 2017 U.S. Dist. LEXIS 113860, at *13 (quoting *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 247 (E.D.N.Y. 2015)).

"It is axiomatic that mistreatment at work is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic." *Ray v. Weit*, 2015 U.S. Dist. LEXIS 35410, at *9 (E.D.N.Y. 2015) (quoting *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007). Thus, where a plaintiff fails to provide factual allegations to supporting an inference that his or her "race or national origin were motivating factors" behind the alleged discriminatory conduct, such allegations are "insufficient to support an inference of discrimination under Title VII." *Smith*, 2017 US Dist LEXIS 113860, at *16 (dismissing race and national origin discrimination claims under Title VII where plaintiff failed to allege a sufficient connection between her termination and her supervisor's allegedly "race-based admonishments" or replacement of her position with someone who shared the same national origin of the supervisor); *Ray*, 2015 U.S. Dist. LEXIS 35410, at *11 ("Ray's complaint, which contains no allegation linking her treatment to her race or gender, does no more than simply accommodate a sheer possibility that defendants violated Title VII.").

1. The Eighth Cause of Action for National Origin Discrimination Fails Because Plaintiffs Have Failed to Allege That They Are a Part of a Protected Class and They Have Not Sufficiently Alleged that Haitian Employees Were Paid Less Than Their American English-Speaking Co-Workers *Because of* Their National Origin

Plaintiffs' claim that they were discriminated against on account of national origin fails for two separate and independent reasons. First, as a basic matter, Plaintiffs have failed to allege that they are part of a protected class. Although the Eighth Cause of Action alleges that "Plaintiffs and all similarly situated employees, are paid less than the rate at which their similarly situated American English-speaking colleagues are paid for a job requiring equal skill and performed under similar working conditions," (SAC at ¶ 129), Plaintiffs do not even identify their national origins.

Plaintiffs have merely alleged, in a conclusory manner, that Defendants "willfully and intentionally paying the Haitian Nurses less than their American English-speaking colleagues," (*id.* at ¶ 87), but they do not allege that Plaintiffs themselves are Haitian.  Because Plaintiffs have not alleged that they are part of the protected class, their claims should be dismissed.  *Powell v. Lab Corp.*, 2018 U.S. Dist. LEXIS 216820, at *23-24 (E.D.N.Y. 2018) ("Where a plaintiff fails to allege that he is a member of a protected class, he fails to allege a Title VII claim.").

Moreover, Plaintiffs' references to alleged discrimination on the basis of language – *e.g.*, that "Defendants have engaged in egregious acts of national origin discrimination targeted at employees of Haitian ethnicity by prohibiting them from communicating in their native tongue, Haitian creole or French" (SAC at ¶ 84) – while a patent misrepresentation of the actual facts, does not, as Plaintiffs' claim, constitute "national origin discrimination."  *Id.*  Indeed, "Title VII makes it unlawful for an employer to discriminate against an individual on the basis of, *inter alia*, his or her race or national origin. ***It does not protect against discrimination on the basis of language.***" *Brewster v. City of Poughkeepsie*, 447 F Supp 2d 342, 351 (S.D.N.Y. 2006); *Trower v. Mount Sinai Hosp.*, 2018 US Dist LEXIS 152341, at *14 (S.D.N.Y. 2018) ("A claim that a plaintiff suffered discrimination solely on the basis of language abilities does not establish membership in a protected class.").  Since discrimination on the basis of language is not a protected class under Title VII, Plaintiffs cannot premise their claim on such alleged conduct.

Second, Plaintiffs make only conclusory allegations that Defendants "willfully and intentionally pa[id] the Haitian Nurses less than their American English-speaking colleagues." SAC at ¶ 87. While Plaintiffs list two "American English-speaking" nurses who were allegedly paid more than them, *see id.* at ¶ 88, Plaintiffs have not alleged sufficient facts to permit an inference that Haitian employees were paid less than the two identified nurses *because* of the

Haitian employees' national origin.  In fact, they instead claim that the Defendants' alleged failure to pay Plaintiffs "equally with their American English-speaking coworkers was based on the Defendants *disdain for Plaintiffs linguistic characteristics*." *Id.* at ¶ 131 (emphasis added).  But, as discussed above, discrimination based on linguistic characteristics is not protected under Title VII.

Plaintiffs do not assert any other non-conclusory allegations relative to their national origin claim and have therefore failed to sufficiently allege that any such national origin discrimination was causally connected to any alleged decision to pay Haitian employees less than their co-workers.  *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 409 (S.D.N.Y. 2014) (dismissing Title VII claim alleging race discrimination notwithstanding a supervisor's "insensitive comment" with "an undeniable racial overtone" because the complaint "fail[ed] to allege facts demonstrating that this comment, or the unspecified other racially discriminatory comments to which it alludes, was causally connected to conduct rising to the level of an adverse employment action").

Plaintiffs have failed to allege that they are part of the protected class and have not sufficiently alleged that Haitian employees are paid less than their non-Haitian co-workers *because of* their national origin.  The Eighth Cause of Action should therefore be dismissed.

2.   The Ninth Cause of Action for Race Discrimination Fails to Allege that
     <u>Plaintiffs Were Paid Less Than Their Caucasian Co-workers Because of Their Race</u>

Similarly, Plaintiffs' claim that they were discriminated against on account of their race fails.  Like their claim for national origin discrimination, Plaintiffs do not sufficiently allege that they were paid less than their co-workers *because of* their race.  Although the Ninth Cause of

Action asserts – "on behalf of Plaintiffs and the Rule 23 Class"[1] – that "Plaintiffs and all similarly situated employees, are paid less than the rate at which their similarly situated Caucasian colleagues are paid for a job requiring equal skill and performed under similar working conditions", they have not alleged even a single factual allegations to support an inference that any alleged discrepancy in pay is due to race.  *Id.* at ¶ 136.  Plaintiffs' sole offering is the conclusory assertion that "Defendants' failure to pay Plaintiffs and all similarly situated employees, equally with their Caucasian coworkers was based on the Defendants disdain for Plaintiffs' skin color." *Id.* at ¶ 138.[2]  Absent sufficient allegations from which it could be inferred that Defendants' alleged decision to pay Plaintiffs less than their Caucasian co-workers was motivated by discriminatory animus, the claim fails as a matter of law, and the Ninth Cause of Action should be dismissed.

Moreover, while Plaintiffs base both of their Title VII claims on the allegation that they were paid less than their Caucasian or English-speaking counterparts – notwithstanding their similar jobs and working conditions – Plaintiffs have failed to "allege that those better paid employees were similarly situated to [them] in all material respects." *Reid v Time Warner Cable*, 2016 US Dist LEXIS 21783, at *15 (E.D.N.Y. 2016) (dismissing Jamaican employee's Title VII

---

[1] It is noteworthy that the SAC identifies only Plaintiffs Guerrier as a "black woman" and Plaintiff Pierre as a "black man." SAC ¶¶ 49, 70.  The SAC does not identify the race(s) of the other Plaintiffs, and they are therefore not alleged to be within the protected class.

[2] To the extent Plaintiffs rely on the allegations that Guerrier reported the discrepancy in pay to Emanuel and that Defendants retaliated against her by "removing crucial job functions and placing her on a permanent floating schedule which is undesirable amongst all the nurses", those allegations cannot support an inference that Defendants paid Plaintiffs less because of their race. *Id.* 50-53.  Significantly, Plaintiffs, including Guerrier, ***do not assert a claim for retaliation***, and even if they had asserted such a claim, such allegations would be insufficient, since Guerrier does not provide enough factual details from which it could be inferred that her alleged reports to Emanuel resulted in an adverse employment action.  *See Katz v. Beth Isr. Med. Ctr.*, 2001 US Dist LEXIS 29, at *44 (S.D.N.Y. 2001) ("[R]eceiving unfavorable schedules or work assignments, and being told to retire or work part time if she did not like the schedule also do not rise to the level of adverse employment actions."); *Bilingslea v. Ford Motor Co.*, 2010 US Dist LEXIS 125946, at *17-18 (W.D.N.Y. 2010) ("A plaintiff's assigned task, however undesirable it may be, does not constitute an adverse employment action  under Title VII if it falls within his or her job responsibilities.").

claim based on national origin discrimination where plaintiff claimed that "non-Jamaican employees in his same position were paid better than he was" but did "not indicate whether the employees in question worked under the same supervisor and had the same level of experience or seniority"); *see also Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 437-38 (S.D.N.Y. 2015) (dismissing Title VII claim where plaintiff of Haitian national origin failed to allege that she was similarly situated to non-Haitian employees who allegedly received more favorable treatment).

At bottom, the Ninth Cause of Action fails to state a claim under Title VII and should be dismissed.

## POINT II

## PLAINTIFFS' TITLE VII CLAIMS (8TH AND 9TH CAUSES OF ACTION) MUST BE DISMISSED AS AGAINST INDIVIDUAL DEFENDANT YOSSI EMANUEL

Plaintiffs' Eighth and Ninth Causes of Action should also be dismissed as against Emanuel for a simple and straightforward reason: individuals may not be held liable under Title VII. Indeed, this Court has held numerous times that "individuals are not subject to liability under Title VII." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (Matsumoto, J.) (quoting *Monclova v. City of NY*, 2014 US Dist LEXIS 138157, at *22 (E.D.N.Y. 2014)); *Adams v. Delta Airlines, Inc.*, 2018 U.S. Dist. LEXIS 53534, at *16 (E.D.N.Y. 2018) (Matsumoto, J.) ("[T]here is no right of recovery against individuals under . . . Title VII.").

This is the case "even when individuals are sued only in their 'official capacity.'" *Pemrick v. Stracher*, 67 F. Supp. 2d 149, 169 (E.D.N.Y. 1999) (Matsumoto, J.) (citing *Berlyavsky v NY City Dept. of Envtl. Protection*, 2015 U.S. Dist. LEXIS 133647, at *37 (E.D.N.Y. 2015); *Lifranc v. NY City Dept. of Educ.*, 2010 U.S. Dist. LEXIS 34009, at *31-32 (E.D.N.Y. 2010) (Matsumoto, J.) ("It is well settled that an employer's agents, even those in supervisory positions, cannot be held

individually liable under Title VII."); *Chang v. NY City Bd. of Educ.*, 2016 U.S. Dist. LEXIS 139897, at *5 (E.D.N.Y. 2016) (Matsumoto, J.) ("Title VII . . . do[es] not permit the imposition of liability on individuals in their individual or representative capacities.").

Accordingly, the Eighth and Ninth Causes of Action, which assert claims under Title VII, should be dismissed as against Emanuel.

## POINT III

## PLAINTIFFS HAVE FAILED TO EXHAUST
## THEIR ADMINISTRATIVE REMEDIES

"A plaintiff claiming discrimination under Title VII must exhaust his or her claim prior to bringing an action in federal court." *Holland v. City of NY, DoITT*, 2011 U.S. Dist. LEXIS 144941, at *10 (S.D.N.Y. 2011) (citing 42 U.S.C. § 2000e-5(b)). "To exhaust a claim, a plaintiff must bring [the] charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") or a relevant state agency authorized to entertain private discrimination claims." *Id.* (citing *McPherson v. N.Y. City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006)).

Moreover, "[a] private Title VII plaintiff must also first receive a 'right-to-sue' letter from the EEOC prior to instituting suit in federal court. *Id.* at *10-11; *Adams v NY State Educ. Dept.*, 752 F. Supp. 2d 420, 470 (S.D.N.Y. 2010) (citing *Adams v. N.Y. State Educ. Dep't*, 08 Civ. 5996, 2010 U.S. Dist. LEXIS 15635, 2010 WL 624020 at *33 (S.D.N.Y. Feb. 23, 2010)) ("A plaintiff cannot bring a Title VII claim in federal court until he has obtained a right to sue letter from the EEOC."); *Glasgow v. Cnyrta/Centro, Inc.*, 2018 U.S. Dist. LEXIS 117166, at *14 n. 7 (N.D.N.Y. 2018) ("[G]enerally, a plaintiff cannot file suit for alleged violations of Title VII until the plaintiff files timely charges with the EEOC and obtains a Right-to-Sue letter.").

Here, Plaintiffs have conceded that they have not yet obtained a Right-to-Sue letter from the EEOC. Indeed, Plaintiffs allege that they "filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") for their Title VII national origin and Title VII race wage discrimination claims" and that they "are waiting to receive the requested Right to Sue Letter from the EEOC."  SAC at ¶ 7.  Because they admittedly have not yet received such a letter, their Title VII claims are premature, and the Eighth and Ninth Causes of Action should be dismissed.  *See Holland*, 2011 U.S. Dist. LEXIS 144941, at *12 (dismissing Title VII claim where, *inter alia*, "plaintiff acknowledge[d] that the EEOC 'has not issued a Notice of Right to Sue letter'").

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant the instant motion in its entirety and issue an Order (i) dismissing the Seventh, Eighth and Ninth Causes of Action in the Second Amended Complaint with prejudice; and (ii) awarding such other and further relief as the Court deems just and proper.

Dated: New York, NY
     March 6, 2020

    STEIN ADLER DABAH & ZELKOWITZ LLP

    By: */s/ Samuel J. Bazian*
      Jonathan L. Adler, Esq.
      Samuel J. Bazian, Esq.
    1633 Broadway, 46th Floor
    New York, NY 10019
    (212) 867-562
    *Attorneys for Defendants*